UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:20-cv-00154-FDW

| | |
|---|---|
| KELLY PATTERSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KILOLO KIJAKAZI, )<br>Acting Commissioner of Social Security,[1] )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER is before the Court on Plaintiff Kelly Patterson's Motion for Summary Judgment, (Doc. No. 13), filed April 22, 2021, and Defendant Acting Commissioner of Social Security Kilolo Kajikazi's ("Commissioner") Motion for Summary Judgment, (Doc. No. 17), filed July 6, 2021. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for Supplemental Social Security Income ("SSI") and Disability Insurance Benefits ("DIB").

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's Motion for Summary Judgment is DENIED; the Acting Commissioner's Motion for Summary Judgment is GRANTED; and the Acting Commissioner's decision is AFFIRMED.

**I.  BACKGROUND**

Plaintiff filed an application for SSI on December 12, 2017. (Doc. No. 10, p. 69). Plaintiff alleges disability beginning January 1, 2012. (Doc. No. 10, p. 70). Her claim was initially denied

---

[1] Kilolo Kijakazi is automatically substituted as Defendant pursuant to Fed. R. Civ. P. 25(d).

on July 10, 2018, (Doc. No. 10, p. 103), and it was denied again upon reconsideration on September 10, 2018. (Doc. No. 10, p. 115). Plaintiff then requested a hearing. (Doc. No. 10, p. 125). After a hearing was held on September 12, 2019, (Doc. No. 10, p. 39), the ALJ issued an unfavorable decision on November 13, 2019. (Doc. No. 10, p.16). Plaintiff requested review by the Appeals Council on January 13, 2020, (Doc. No. 10, p. 5), which was subsequently denied on July 21, 2020. Id.

The ALJ made his decision after following the five-step evaluation process for disability claims under the Social Security Act. (Doc. No. 10, p. 20). At step one, the ALJ found Plaintiff had not participated in substantial, gainful activity since December 8, 2017. Id. At step two, the ALJ determined Plaintiff suffers from the following severe impairments: right shoulder dysfunction and obesity. Id. During step three, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, App. 1. Id. At step four, the ALJ found Plaintiff has the Residual Functional Capacity ("RFC") to perform light work as defined in 20 CFR 416.967(b), except she can occasionally push or pull with her right upper extremity, but she may not climb ladders. (Doc. No 10, p. 22). Plaintiff can occasionally reach overhead with the right upper extremity. Id. The ALJ also determined Plaintiff is unable to perform her past relevant work as a result of her impairments. (Doc. No. 10, p. 20). During the hearing, a Medical Vocational Expert ("VE") testified Plaintiff would be able to perform the jobs of small parts assembler, electronics worker, and laundry folder despite her impairments, which the ALJ considered at step five. (Doc. No. 10, p. 21). As a result, the ALJ determined that Plaintiff is not disabled under section 1614(a)(3)(A) of the Social Security Act.

After exhausting all appropriate remedies, Plaintiff timely filed her claim with this Court on September 20, 2020. (Doc. No. 1). Plaintiff contends the Acting Commissioner's final decision to deny SSI is not supported by substantial evidence. (Doc. No. 14).

## II. STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides judicial review of the Social Security Commissioner's denial of social security benefits: "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. Id.; Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and quotations omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). Courts do not reweigh evidence or make credibility determinations in

3

evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," courts defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212, 212 (4th Cir. 2017) (per curiam) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520(a)(4). Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015)); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

The Fourth Circuit has held:

> If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is "the most [the claimant] can still do despite [her physical and mental] limitations [that affect h[er] ability to work]."

Lewis, 858 F.3d at 861-62 (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)) (alterations in original).

In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

4

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotations omitted); see also SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).
>
> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work. Mascio, 780 F.3d at 635. If the claimant meets their burden as to past work, the ALJ proceeds to step five.

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635] (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Id.

Lewis, 858 F.3d at 862.

If the Commissioner meets this burden in step five, the claimant is deemed not disabled, and the benefits application is denied. Id.

5

### III.    ANALYSIS

The only issue presented for appeal is whether the ALJ's determination is supported by substantial evidence. (Doc. No. 14). Based upon the evidence considered throughout the five step evaluation process, the ALJ concluded Plaintiff could perform a limited range of light work and maintain jobs abundant within the national economy, including small parts assembler, electronics worker, and laundry folder. (Doc. No. 10, p. 21). The ALJ also found Plaintiff's impairments would not cause her to be "off-task due to her pain." (Doc. No. 14, p. 5). Although not explicitly stated, Plaintiff ultimately argues the ALJ committed harmful error when the ALJ failed to consider Plaintiff's subjective testimony in light of the medical evidence. See (Doc. No. 14, p. 5).

Plaintiff argues the ALJ did not perform a proper function-by-function analysis when determining the RFC because the ALJ's determination that her impairments would not prevent her from performing "light work" are not supported by substantial evidence. (Doc. No. 14, p. 3). Specifically, Plaintiff argues the ALJ failed to adequately consider her own, subjective testimony regarding the level of pain she experienced and her inability to remain "on-task" while working. (Doc. No. 14, p. 3). Defendant contends that the ALJ properly considered Plaintiff's subjective statements in rendering his decision. (Doc. No. 18, p. 5).

A claimant may provide testimony relating to her own subjective claims; however, "subjective claims of pain must be supported by objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant. Craig, 76 F.3d at 591 (4th Cir. 1996). "While the pain caused by an impairment, independent from any physical limitations imposed by that impairment, may of course render an individual incapable of working, see Myers v. Califano, 611 F.2d 980, 983 (4th Cir.1980), allegations of pain and other subjective symptoms, without more, are

6

insufficient." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994). Congress has codified the regulatory standard with which to evaluate an individual's subjective claims in Title II of the Social Security Act:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; *there must be medical signs and findings,* established by medically acceptable clinical or laboratory diagnostic techniques, *which show the existence of a medical impairment* that results from anatomical, physiological, or psychological abnormalities *which could reasonably be expected to produce the pain or other symptoms alleged*

Mickles v. Shalala, 29 F.3d 918, 924 (4th Cir. 1994) (emphasis added) (quoting 20 C.F.R. §§ 416.929, 404.1529 (1983)).

Plaintiff's own subjective statements relating to pain experienced are insufficient without support from objective medical evidence. Indeed, the ALJ determined Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms" were not consistent with the objective medical evidence in the record. See (Doc. No. 10, p. 19). For example, the ALJ found that, despite Plaintiff's complaints regarding her shoulder pain as "excruciatin'," Plaintiff's "right shoulder has no muscular atrophy or bony deformity on inspection." (Doc. No. 10, p. 19). At the hearing, Plaintiff continuously mentioned that her shoulder would "come out of place," (Doc. No. 10, p. 41); however, medical records indicated that "[d]espite tenderness to palpation anteriorly over the long head biceps tendon, her right shoulder was normal to inspection with no anterior instability." Id. Plaintiff also failed to complete the program of physical therapy her physician had prescribed to treat her shoulder injury. Id. Specifically, the ALJ emphasized that, " . . . despite the doctor's recommendation of 8 weeks of vigorous rotator cuff strengthening, [Plaintiff] only went to two visits and did not continue." Id.

With respect to Plaintiff's argument that the ALJ should have included a limitation regarding her ability to remain "on-task," there is a consistent lack of medical evidence to support

7

a determination that her impairments would have caused her to frequently stray "off task." While Plaintiff argues she struggled to concentrate and complained to her doctors about her inability to focus, examinations completed by her providers do not support Plaintiff's characterization. (Doc. No. 10, p. 936). The mental status examination performed cited no abnormal findings to support limitations in the area of concentration which would result in her going "off-task." Id.

Ultimately, the records relied upon by the ALJ provide substantial support for the ALJ's determination that Plaintiff is not disabled for the purpose of receiving SSI. In reaching this decision, the ALJ applied the appropriate five-step sequential evaluation process used to evaluate disability claims. Throughout his evaluation, the ALJ considered Plaintiff's eight prior shoulder surgeries, along with prior abnormal neurological findings, and limitations in range of motion. (Doc. No.10, p. 35). He also analyzed objective medical evidence, which supported the determination that Plaintiff maintained normal strength, bulk, and tone despite her injury. (Doc. No. 10, p. 19). Additionally, the ALJ acknowledged in his findings that Plaintiff's physical condition supports the possibility of "light work:"

> As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent with the record. Of note, despite the doctor's recommendation of 8 weeks of vigorous rotator cuff strengthening, she only went to two visits and did not continue (11F4). The claimant's history of shoulder surgery and decreased shoulder range of motion supports a restriction to light work with occasional pushing/pulling with the right upper extremity and occasional reaching overhead with the right upper extremity (4F33; 7F9; 1F25; 2F2; 13F48). Her obesity supports a finding of no climbing ladders (2F2; 13F64).

(Doc. No. 10, p. 20). The ALJ based these findings upon Plaintiff's testimony, written reports from her doctors and surgeons, and the vocational expert's opinion. (Doc. No. 10, p. 34-64). The ALJ sufficiently considered all relevant evidence presented and applied the appropriate weight to each factor in determining that Plaintiff is not disabled for purposes of SSI. Therefore, the ALJ applied

8

the correct legal standard, while also providing a detailed discussion of his conclusions, which are supported by substantial evidence. (Doc. No. 10, p. 15-22).

## IV. CONCLUSION

For these reasons, Plaintiff's Motion for Summary Judgment, (Doc. No. 13), is DENIED; Defendant Acting Commissioner's Motion for Summary Judgment, (Doc. No. 17), is GRANTED; and the Acting Commissioner's decision is AFFIRMED. The Clerk is respectfully directed to enter a separate judgment in accordance with the terms of this Order.

IT IS SO ORDERED.

Signed: September 10, 2021

Frank D. Whitney
United States District Judge